**Gerald M. SMITH, By and Through Lynn SMITH, as his next friend, Appellant,**

v.

**William ARMONTROUT, Appellee.**

No. 88–2702.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 6, 1988.

Decided Dec. 8, 1988.

C. John Pleban, St. Louis, Mo., for appellant.

Stephen Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, and BEAM, Circuit Judges, *en banc.*

ARNOLD, Circuit Judge.

This case comes before us on application for certificate of probable cause. The named appellant, Gerald M. Smith, is a prisoner in state custody under sentence of death imposed in 1987 for the murder of Robert Baker, a fellow inmate. The District Court[1] dismissed a petition for habeas corpus and denied a motion for stay of execution.

Lynn Smith, acting as next friend for her husband, Gerald Smith, appealed to this Court and made a motion for stay of execution. On November 17, 1988, this motion was granted, three judges (Fagg, Bowman, and Magill, JJ.) dissenting.

On December 8, 1988, in *Smith v. Armontrout,* 865 F.2d 1502 (8th Cir.1988), this Court held that Gerald Smith is competent to decide whether to pursue his remedies. He has clearly indicated that he does not wish to pursue them. In 865 F.2d 1502,

1. The Hon. Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

which arises out of a different sentence of death imposed for a different murder, a stay of execution, previously entered, has been dissolved. This action leaves the state free to carry out the sentence with regard to the first murder (committed before the murder involved in the instant case). It also necessarily determines (Smith being *sui juris*) that only Smith himself has standing to invoke appellate or collateral remedies. Accordingly, the instant petition, which is filed by Lynn Smith as next friend, cannot proceed. Neither Lynn Smith nor any other person, apart from Gerald Smith himself, has standing to invoke judicial process to contest the sentences of death. The ruling in 865 F.2d 1502, in other words, is conclusive as to the issue of standing in the present case, and this Court is bound to follow it as a matter of *stare decisis*.

Accordingly, the stay of execution previously entered in the present case is dissolved, the certificate of probable cause is denied, and the appeal is dismissed. We direct that our mandate issue forthwith.

It is so ordered.

LAY, Chief Judge, and HEANEY and McMILLIAN, Circuit Judges, dissent for the reasons given in the dissenting opinions in 865 F.2d 1502.